UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **DEBORAH FISHMAN,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | **Civil Action No. 23-12459-WGY** |
| **MASSACHUSETTS PROBATE AND FAMILY COURT, et al.,** | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM & ORDER**

**YOUNG, D.J.**

Pro se plaintiff Deborah Fishman brings this action, which she characterizes as one for mandamus relief, against the Massachusetts Probate and Family Court and Massachusetts Probate and Family Court Judge Christine Anthony in her official capacity. Fishman represents that she suffers from Post-Traumatic Stress Disorder ("PTSD"), which "inhibits [her] ability to process and retain complex information and express ideas quickly, especially under stressful circumstances and time constraints." Compl. ¶ 23. She claims that the defendants' alleged failure to accommodate this disability resulted in her losing parental rights for her minor son. For the reasons set forth below, the Court will order that this action be DISMISSED for lack of jurisdiction.[1]

---

[1] A court has an obligation to inquire sua sponte into its own jurisdiction. See Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434 (2011); Lawless v. Steward Health Care Sys., LLC, 894 F.3d 9, 16 (1st Cir. 2018).

I.  **Background**

According to Fishman, since May 2015, she has been proceeding pro se in a divorce and custody matter in the Massachusetts Probate and Family Court. These proceedings concern, in part, the custody of her minor son. Fishman represents that she suffers from PTSD, which "inhibits [her] ability to process and retain complex information and express ideas quickly, especially under stressful circumstances and time constraints." Compl. ¶ 23. She states that, in 2015, she filed "a written request for reasonable accommodations in the state court proceeding so [she] could participate equally and effectively." Id. ¶ 24. She proposed:

> several options from which the court could choose one or more accommodations, including: having additional time to review and respond to documents and proceedings; having a properly trained advocate with knowledge of [her] disability to assist in [her] understanding information and proceedings; having complex questions reduced to writing; having an opportunity for short breaks when necessary; being allowed to audiotape all proceedings so that [she] could replay the proceedings if necessary to ensure proper understanding and to offset memory deficits; having sufficient physical distance from [her] former spouse . . . to prevent needless anxiety and retraumatization . . . ; being protected from needlessly stressful litigation activities; and being protected from litigation tactics that exploit her disability.

Id. ¶ 25.

According to Fishman the state court did not "conduct a hearing or otherwise determine" whether her requests were "reasonable accommodations under the ADA" or "would fundamentally alter the court's programs or services." Id. ¶¶ 26-27. While Fishman's requests for accommodations were "languishing or had been denied," the court "rendered several rulings significantly affecting [her] rights," including taking "primary custody away from [her] and grant[ing] primary custody to [her] former spouse" and "issuing an order appointing a GAL/next friend attorney under G.L. c. 208, §15." Id. ¶¶ 31, 33, 34. Fishman represents that "the judge stated that the decision to appoint a GAL/next friend attorney was based on the court's

2

determination that [her] disability rendered [her] unable to participate in legal proceedings." Id. ¶ 31.  Fishman maintains that the appointment of a GAL/next friend attorney was an act of discrimination "as a GAL/next friend attorney is typically appointed to speak for children and incompetent adults, and [she is] not incompetent."  Id. ¶ 40.  She claims that she was "'incapacitated' instead of accommodated," and that she was subject to "sua sponte removal of legal rights without notice, findings or counsel present.  Id. ¶ 62.  According to Fishman, "[t]he Guardianship appointment simultaneously usurped [her] parental rights without notice or counsel present for 1.5 years, which were then terminated permanently without explanation by the sua sponte trial with sua sponte substitute without service of process which [she] did not attend and excluded [her]."  Id. ¶ 34.

Fishman represents that she has subsequently made numerous unsuccessful attempts—as recently as August 2023—in state court challenging the state courts' alleged failure to accommodate her disabilities and the allegedly resulting loss of her parental rights.

In her prayer for relief, Fishman asks, inter alia, that this Court "[o]rder and declare that Defendants have violated and are continuing to violate Title II of the ADA and its implementing regulations," vacate state orders, rulings, and judgments, and enjoin the defendants from violating the ADA.  Compl. at 36.

**II.     Discussion**

Title II of the Americans with Disabilities Act prohibits public entities (which includes instrumentalities of state and local governments²) from discriminating against qualified

---

² For purposes of Title II of the ADA, a "public entity" is defined as: "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority (as defined in section 24102(4) of Title 49)."  42 U.S.C. § 12131(1).

individuals with disabilities.  See 42 U.S.C. § 12131, et seq.  The ADA's accommodation mandate reflects Congress's effort to ensure citizens' due process rights under the Fourteenth Amendment.  See Tennessee v. Lane, 541 U.S. 509, 523 (2004).

This Court, however, is without jurisdiction to adjudicate Fishman's claims against the Massachusetts Probate and Family Court and Judge Anthony.  Under 28 U.S.C. § 1257, the Supreme Court of the United States is the only federal court with jurisdiction to review a state court judgment.  See 28 U.S.C. § 1257; see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292 (2005).  Thus, under the Rooker-Feldman doctrine,[3] 28 U.S.C. § 1257 prohibits a district court from exercising subject matter jurisdiction over an action brought by a party who lost in state court and who is "seeking review and rejection of that judgment" in a lower federal court.  Exxon Mobile, 544 U.S. at 291; see also id. at 292 ("The Rooker–Feldman doctrine merely recognizes that 28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments, which Congress has reserved to this Court, see § 1257(a)." (quoting Verizon Md., Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 644 n.3 (2002))).

Here, Fishman is asking this court to overturn state court orders that were allegedly wrongful because they were the product of unlawful disability discrimination.  In other words, Fishman wants this Court to assume the role of an appellate court vis-à-vis the state court rulings.  Her lawsuit is precisely the type of action that is precluded by the Rooker-Feldman

---

[3] The term "Rooker-Feldman doctrine" is shorthand reference to the Supreme Court's interpretation of 28 U.S.C. § 1257 in District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

doctrine.[4]  A federal district court is not vested with appellate authority over state courts.  "[T]he proper forum for challenging an unlawful state court ruling is the United States Supreme Court, on appeal of the highest state court's final judgment."  Davison v. Gov't of Puerto Rico-Puerto Rico Firefighters Corps, 471 F.3d 220, 223 (1st Cir. 2006).  Thus, the Court lacks jurisdiction over this action.

### III.   Conclusion

Accordingly, the Court hereby orders:

1. This action shall be DISMISSED for lack of jurisdiction.

2. The motion for leave to proceed in forma pauperis (Dkt. No. 5) is ALLOWED.

3. The motion to seal Exhibit KK (Dkt. No. 6) is ALLOWED.

4. The motion for a protective order (Dkt. No. 4) is DENIED as moot.

5. The motion for disability accommodations (Dkt. No. 2) is DENIED as moot in

light of dismissal of this case for lack of jurisdiction.[5]

---

[4] See, e.g., Bakshi v. Bergen Cnty. Sup. Ct., 687 Fed. App'x 215, 217 (3d Cir. 2017) (per curiam) (holding that, under the Rooker-Feldman doctrine, court lacked jurisdiction over plaintiff's action against state court in which plaintiff alleged he had lost his state court case because the state court had not accommodated his disability); Sykes v. Cook Cnty. Cir. Ct. Prob. Div., 837 F.3d 736, 743 (7th Cir. 2016) ("Rooker–Feldman will not always bar a litigant from bringing claims against a state court for denial of reasonable accommodations. . . . But when as in this case the injury is executed through a court order, there is no conceivable way to redress the wrong without overturning the order of a state court.  Rooker–Feldman does not permit such an outcome."); Mezzano v. Second Judicial Dist. Ct. of the State of Nev., C.A. No. 23-00324, 2023 WL 4868441, at *9 (D. Nev. July 31, 2023) (holding that the Rooker-Feldman doctrine prevented court from exercising jurisdiction over plaintiffs' "de facto appeal of [the state court judge]'s order regarding reasonable accommodations"); Langworthy v. Whatcom Cnty. Superior Ct., C.A. No. 20-01637, 2021 WL 1788391, at *3 (W.D. Wash. May 5, 2021) ("The Rooker–Feldman doctrine bars litigants from bringing claims against state courts based on denials of reasonable accommodations when the denial—in other words, the injury—is effected through a court order.").

[5] Further, federal courts are not a "public entity" within the meaning Title II of the ADA, see 42 U.S.C. § 12131(1).  Moreover, as part of the Judicial branch of the government, federal courts are not subject to Section 504 of the Rehabilitation, which prohibits discrimination on the basis

**So ordered.**

/s/ William G. Young
William G. Young
United States District Judge

Dated: November 3, 2023

---

of disability "under any program conducted by any <u>Executive</u> agency or by the United States Postal Service." 29 U.S.C. § 794(a) (emphasis added). Notwithstanding, the Court has broad discretion to set deadlines, grant extensions of time, decide the duration and format of hearings, and waive requirements concerning the length and format of written documents. As the Court is dismissing this case <u>sua sponte</u> for lack of jurisdiction, it not need address Fishman's request for certain accommodations.

6